UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS C. OWENS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD V. SPENCER,<br><br>　　　　　　　　Defendant. | Case No. 18cv1796-JAH (JLB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 4)** |

## **INTRODUCTION**

Pending before the Court is Defendant Richard V. Spencer's ("Defendant") Motion to Dismiss ("Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. No. 4. Plaintiff filed a response in opposition. See Doc. No. 5. The motion is fully briefed. After careful review of the pleadings submitted by both parties, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion, and Plaintiff's complaint (Doc. No. 1) is **DISMISSED with prejudice**.

## **BACKGROUND**

Plaintiff is a retired Marine Corps veteran. See Doc. No. 1. Defendant is the Secretary for the Department of the Navy. Id. Plaintiff was removed from federal service for misconduct on May 25, 2016. Doc. No. 4-1 at pg. 2. Plaintiff appealed this decision, and a Merit Systems Protection Board ("MSPB") Administrative Judge affirmed the

1

decision on November 21, 2017. Id. On August 2, 2018, Plaintiff filed the instant action against Defendant alleging (1) disability discrimination; (2) failure to accommodate a disability, including failure to engage in the required interactive process; (3) retaliation for prior EEO activity; (4) age discrimination; (5) race and color discrimination; and (6) appeal of MSPB decision regarding just cause for plaintiff's termination. See Doc. No. 1. On September 25, 2018, Defendant filed the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing and failure to state a claim. See Doc. No. 4. Plaintiff filed a response in opposition on November 5, 2018.

# DISCUSSION

## I. Legal Standard

### a. Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### i. Standing

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const.,

Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing has three elements. *LSO*, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.,* "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976))(alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1). *Nichols v. Brown*, 859 F. Supp. 2d 1118. 1127 (C.D. Cal. 2012).

### b. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**II.    Analysis**

Defendant argues that Plaintiff's complaint is untimely because "Title 5 U.S.C. § 7703, governing judicial review of decisions of the MSPB, requires that discrimination claims be filed within thirty days after receipt of notice of the judicially reviewable action." Doc. No. 4-1 at pgs. 3-4 (quoting Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986)). Defendant contends that failure to file within this time period necessitates dismissal. Doc. No. 4-1 at pgs. 3-4 (citing Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1994).

4

Defendants asserts that because Plaintiff filed the instant action 255 days after the MSPB decision was final, Defendant's complaint is time-barred. Id. at pg. 4.

In response, Plaintiff argues that his "affirmative defenses were never litigated at the [MSPB] hearing and the judge's comments about them are pure dicta." Doc. No. 5 at pg. 6. Plaintiff further contends that the MSPB did not have quorum because of "President Trump's and the Senate Majority's indifference, incompetence, and/or malign intent to harm Federal workers' rights." Id. at pg. 2. Plaintiff fails to adequately address why he failed to file within thirty (30) days of the MSPB's final decision.

The Court finds Plaintiff was required to file the instant action within thirty (30) days of MSPB's final decision for Plaintiff's complaint to be timely. See 5 U.S.C. § 7703(b)(2). The Court finds Plaintiff's complaint is time-barred because he failed to file the instant action within thirty (30) days of the MSPB's final decision. Accordingly, the Court **GRANTS** Defendant's motion to dismiss.

## CONCLUSION

Based on the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint **with prejudice**.

**IT IS SO ORDERED**.

DATED: March 26, 2019

_____
JOHN A. HOUSTON
United States District Judge